147 A.3d 874

IN THE MATTER OF CHERI S. WILLIAMS ROBINSON, AN ATTORNEY AT LAW (ATTORNEY NO. 002562001)

November 2, 2016

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 15-313 and DRB 15-314, concluding on the records certified to the Board pursuant to *Rule* 1:20-4(f)(default by respondent), that **CHERI S. WILLIAMS ROBINSON**, formerly of **EAST NORRITON, PENNSYLVANIA**, who was admitted to the bar of this State in 2001, and who has been temporarily suspended from practice since July 6, 2015, should be suspended from the practice of law for a period of three months for violating *RPC* 1.4(b)(failure to communicate with the client) and *RPC* 8.1(b)(failure to cooperate with disciplinary authorities), and good cause appearing;

It is ORDERED that **CHERI S. WILLIAMS ROBINSON** is suspended from the practice of law for a period of three months, effective immediately, and until the further Order of the Court; and it is further

ORDERED that **CHERI S. WILLIAMS ROBINSON** remain suspended from the practice of law pursuant to the Order of the Court filed June 4, 2015 (D-123-14; 076015), and pending her compliance with the fee arbitration determination entered in District Docket No. IV–2014–0058F, and her payment of the sanction

in the amount of $500 to the Disciplinary Oversight Committee, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20-20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10-2; and it is further

ORDERED that the Office of Attorney Ethics is directed to provide guidance to the grievant in DRB 15-313 in securing relief through the fee arbitration process; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20-17.